**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        Plaintiff,

-vs-                              Case No. 6:92-cr-35-ORL-19DAB

**CLAUDETTE COLLEEN HUBBARD,**

        Defendant.

## ORDER

This case comes before the Court on the following:

1. Motion For Modification Or Reduction Of Sentence Based Upon An Intervening Post-Sentence Change In The United States Sentencing Guidelines Pertaining To Cocaine Base "Crack" Offenses (Amendment 9) And The Corollary Criminal History Category (Amendment 12) Which Effectively Lowers Petitioner's Term Of Imprisonment By Defendant Claudette Hubbard (Doc. No. 1145, filed Oct. 29, 2007);

2. Motion To Modify Sentence Of (sic) New Amendment Pursuant To 18 USC 3582(c)(2) By Defendant Hubbard (Doc. No. 1147, filed Jan. 22, 2008);

3. Response To Order Pursuant To 18 U.S.C. § 3582(c)(2) By The United States Of America (Doc. No. 1161, filed Mar. 6, 2008); and

4. Response Regarding Retroactive Application Of Revised Cocaine Base Sentencing Guidelines By Defendant (Doc. No. 1165, filed Apr. 1, 2008).

**Background**

Defendant Claudette Colleen Hubbard was found guilty after a trial by jury on July 30, 1992 of: (1) one count of conspiracy to possess with intent to distribute in excess of five kilograms of crack cocaine; (2) one count of possession with intent to distribute cocaine; (3) one count of use of a communication facility to commit a felony; and (4) one count of possession of a firearm during a drug trafficking crime. (1992 PSR at p. 1.)[1] Pursuant to Section 2D1.1(c)(2) of the United States Sentencing Guidelines in effect in 1992, the base offense level was forty (40) for offenses involving at least five kilograms but less than fifteen kilograms of cocaine base (crack cocaine). (*Id.* at p. 2, ¶ 7.) Defendant received a two-point enhancement for her role in the criminal activity; therefore, her total offense level was forty-two (42). (*Id.* at pp. 7-8, ¶¶ 26, 30.)

Subsequently, retroactive amendments to the Sentencing Guidelines, effective November 1, 1995, lowered the base offense level applicable to Defendant from forty (40) to thirty-eight (38). (1996 PSR at p. 1.)[2] Therefore, on March 25, 1996, the Court reduced Defendant's total offense level, including the two-point role enhancement, to forty (40). (2008 PSR at p. 2.)[3]

Defendant Hubbard now moves the Court to further reduce her sentence pursuant to the retroactive Guidelines amendments that went into effect on March 3, 2008. (Doc. Nos. 1145, 1147, 1165.) The United States has filed a Response opposing resentencing, arguing that the Guidelines amendments have no effect on Defendant's sentencing range. (Doc. No. 1161.)

---

[1] The first Presentence Investigation Report on Defendant, dated October 12, 1992, will be cited as "1992 PSR."

[2] The second Presentence Investigation Report on Defendant, dated March 18, 1996, will be cited as "1996 PSR."

[3] The third Presentence Investigation Report on Defendant, dated March 4, 2008, will be cited as "2008 PSR."

**Analysis**

In its February 11, 2008 Order, the Court directed the parties to file responses as to the applicability of Amendment 706 of the United States Sentencing Guidelines to Defendant Hubbard. (Doc. No. 1148.) As the Court there explained, Amendment 706 lowered the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants. (*Id.* at p. 1.) Accordingly, Section 3582(c)(2) of Title 18 of the United States Code permits the Court to modify a term of imprisonment based on a sentencing range that has been lowered by this Amendment.

In its Response, the United States argues that the Court does not have jurisdiction to reduce Defendant Hubbard's sentence because "Amendment 706 does not have the effect of lowering the sentence range under which the defendant was sentenced." (Doc. No. 1161 at p. 3.) The United States explains: "The defendant was sentenced based on an offense that had involved a quantity of 4.5 kilograms or more of crack cocaine. Accordingly, she still faces the same base offense level (38) even under Amendment 706." (*Id.*)

Defendant Hubbard concedes this result under the revised Sentencing Guidelines but argues that it is fundamentally unfair. (Doc. No. 1165 at pp. 2-3.) Specifically, Defendant asserts:

> Ms. Hubbard acknowledges that Amendments 706 and 711 failed to change the base offense level (level 38) for 5 kilograms of cocaine base. However, Ms. Hubbard submits that to the extent that the Policy Statement (USSG § 1B1.10) would deny relief based on the unexplained failure to amend the base offense level for the amounts of crack set forth in § 2D1.1(c)(1), like the two-level reduction afforded for the other amounts in the other Guidelines (§ 2D1.1(c)(2)-(13)), said Policy Statement is inconsistent with 28 U.S.C. § 994(a)(2)(c).

(*Id.* at p. 2.) Accordingly, Defendant argues, the Court should effectuate the policy rather than the actual language of the amendments and reduce Defendant's sentence. (*See id.*)

Section 3582(c)(2) of Title 18 of the United States Code provides that a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Sentencing Guideline 1B1.10 clarifies: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S. Sentencing Guidelines § 1B1.10(a)(2) (supp. Mar. 3, 2008); (*see also* Doc. No. 1161 at p. 4 (citing cases)).  Since Amendment 706 does not lower Defendant's applicable Guidelines range in this case, the Court does not have jurisdiction to reduce Defendant's sentence.[4]

## Conclusion

Based on the foregoing, the Court **DENIES** Defendant Hubbard's Motion for a Reduction or Modification of Sentence (Doc. No. 1145) and Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. No. 1147).

The Order at Docket Number 1148, filed February 11, 2008, is **DISCHARGED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April  9 , 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] While the Court may apply the Sentencing Guidelines in a discretionary manner at an *original* sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), nothing in United States Code Title 18, Section 3582(c)(2) gives the Court similar discretion to depart from the Guidelines in *resentencing*.

Copies furnished to:

Counsel of Record
Unrepresented Party